# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

DENNIS MOORE,

          Plaintiff,

v.

MOUNTAIN RUN SOLUTIONS, LLC, et al.,

          Defendants.

Case No.: 2:22-cv-00586-APG-VCF

**ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT**

[ECF No. 16]

Dennis Moore moves for default judgment against Mountain Run Solutions, LLC. ECF No. 16.  Default has been entered against Mountain Run. ECF No. 12.  Moore's motion satisfies the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).  I thus find good cause to grant the motion in part.  I award Moore $1,000 in statutory damages under 15 U.S.C. § 1681n(a)(1)(A).  I also award Moore $7,500 in punitive damages against Mountain Run under 15 U.S.C. § 1681n(a)(2) because Mountain Run's actions were willful and without legal or factual bases.  Mountain Run knew it was obligated under the Fair Credit Reporting Act (FCRA) to investigate and review relevant information regarding Moore's credit report dispute, yet failed to do so.  Mountain Run had sufficient information to see its credit reporting about Moore was wrong, yet it took no action to rectify its error.  And it failed to respond to Moore's complaint, which might have resolved the dispute more efficiently and less expensively.  Statutory and punitive damages are justified.

However, I deny Moore's request for $5,890 in attorney's and paralegal fees and $296 in costs.  The FCRA allows a consumer to recover "the costs of the action together with reasonable attorney's fees as determined by the court." 15 U.S.C. § 1681n(a)(3).  Reasonable attorney's fees

are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433

(1983). *See also Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (applying

*Hensley*).  The court must first determine a reasonable fee by multiplying "the number of hours

reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433.

Next, the court decides whether to adjust the lodestar calculation based on an evaluation of the

factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) which

have not been subsumed in the lodestar calculation. *See Fischer*, 214 F.3d at 1119 (citation

omitted).

The *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved,
> (3) the skill requisite to perform the legal service properly, (4) the preclusion of other
> employment by the attorney due to acceptance of the case, (5) the customary fee,
> (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the
> circumstances, (8) the amount involved and the results obtained, (9) the experience,
> reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the
> nature and length of the professional relationship with the client, and (12) awards in
> similar cases.

*Kerr*, 526 F.2d at 70.  Factors one through five are subsumed in the lodestar calculation. *See*

*Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996).  Additionally, the sixth

factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation.

*See Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other

grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the lodestar is presumptively

reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711,

728 (1987).  Only in "rare and exceptional cases" should a court adjust the lodestar figure. *Van*

*Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations

omitted). *See also Fischer*, 214 F.3d at 1119 n. 4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

When determining the reasonableness of an hourly rate, I consider the experience, skill, and reputation of the attorney requesting fees. *Webb v. Ada Cnty.*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community for "similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.; see also Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). "The party seeking an award of fees should submit evidence supporting the . . . rates claimed." *Hensley*, 461 U.S. at 433; *see also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).

"The party seeking an award of fees should [also] submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended.'" *Id.* at 433-34 (citation omitted). "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors, Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted).

Steven Alpert, Moore's attorney, seeks a $600 hourly rate for himself and a $125 hourly rate for his paralegal. ECF No. 16 at 12. He supports his rate with only a citation to a national attorney fee survey for 2017-2018. ECF No. 16-2. I do not find that survey persuasive. More importantly, Alpert does not state how long he has practiced, his experience in this field, and why his rate should be in the top 5% of Nevada attorneys. *Id.* at 135. And paralegal fees are normally not recoverable. *See* Local Rule 54-11(i).

Alpert submitted only a generalized list of tasks he and his paralegal performed to incur the 9.4 hours of his time and the 2.0 hours of his paralegal's time that he seeks to be paid for. ECF No. 16-1 at ¶¶ 11, 14. He offers no breakdown of the time for any particular task. I thus cannot evaluate the reasonableness of the hours expended.

Because of the lack of information provided, I cannot calculate the lodestar amount. Nor has Alpert addressed any of the *Kerr* factors that would help me determine whether to adjust the lodestar amount. I therefore deny Moore's request for attorney's fees without prejudice to filing a new motion with appropriate support.

Finally, Moore seeks $296 in costs incurred for service of process and filing fees. ECF No. 16 at 13. However, those costs are not reimbursable through a motion for attorney's fees and costs. Taxable costs are taxed by the clerk rather than the court, and the prevailing party must file a bill of costs with the clerk. *See* Fed. R. Civ. P. 54(d)(1); LR 54-1.[1] The categories of taxable costs are circumscribed by 28 U.S.C. § 1920. *See also* LR 54-1. Filing fees and service of process expenses are taxable costs. *See* 28 U.S.C. § 1920(1); LR 54-2. Thus, Moore must seek those through a bill of costs filed with the clerk. I therefore deny his motion for costs without prejudice.

/ / / /

/ / / /

/ / / /

/ / / /

---

[1] By contrast, nontaxable costs are recoverable on a motion to the court, along with attorney's fees. Fed. R. Civ. P. 54(d)(2)(A) ("claim for attorney's fees and related nontaxable expenses"); *see also* LR 54-14(a)(2) (a motion for attorney's fees must include "[a]n itemization of all costs sought to be charged as part of the fee award and not otherwise taxable under LR 54-1 through 54-13").

I HEREBY ORDER that the motion for default judgment **(ECF No. 16) is granted in part**. The clerk of the court is directed to enter judgment in favor of plaintiff Dennis Moore and against defendant Mountain Run Solutions, LLC in the amount of $8,500 ($1,000 in statutory damages and $7,500.00 in punitive damages).

DATED this 6th day of October, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE